IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ALVIN CARSON, ) | |
| Plaintiff, ) | |
| v. ) | No. 3:08-CV-40 |
| ) | (Phillips) |
| RANDSTAD NORTH AMERICA, ) | |
| AMANDA BOWERMAN, ) | |
| JERELYN ISAACS, and ) | |
| RISK ENTERPRISE MANAGEMENT, LIMITED, ) | |
| Defendants ) | |

## MEMORANDUM OPINION

Plaintiff Alvin Carson, acting *pro se*, has brought this action for determination of his workers' compensation benefits pursuant to the Tennessee Workers' Compensation Law, which is codified at Tenn. Code Ann. § 50-6-101 *et seq.* Carson has also alleged other tort causes of action including: (1) wrongful discharge; (2) retaliatory discharge; (3) Workers Compensation Act; (4) Rehabilitation Act; (5) embarrassment; (6) humiliation; and (7) retaliation.

The defendants have moved to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b). For the reasons which follow, the defendants' motions will be granted and this action dismissed.

## Analysis

The party seeking to litigate in federal court bears the burden of establishing the existence of federal subject matter jurisdiction. *McNutt v. General Motors Acceptance Corp. of Indiana,* 298 U.S. 178 (1936). This court is not a court of general jurisdiction; it has only such jurisdiction as is prescribed by Congress pursuant to Article III of the Constitution. *Graves v. Sneed,* 541 F.2d 159, 161 (6th cir. 1976). The presumption is that the court lacks jurisdiction until it has been demonstrated that jurisdiction over the subject matter exists. *Id.*

In his complaint, plaintiff alleges that he was employed by Randstad when he suffered an on-the-job injury on July 18, 2007. Plaintiff filed a claim for workers' compensation benefits pursuant to Tennessee law. He alleges he was wrongfully discharged from his employment on August 19, 2007, for filing for workers' compensation benefits. Plaintiff further alleges that Risk Enterprise Management wrongfully terminated his workers' compensation and medical benefits. Plaintiff demands judgment against Randstad for $20,000 compensatory damages and $5 million for punitive damages, and judgment against Risk Enterprise Management for $40,000 compensatory damages to include his medical impairment rating.

Defendant Amanda Bowerman was an employee of Randstad at the time relevant to plaintiff's complaint. Plaintiff alleges in his response to the motions to dismiss, that Bowerman was the Randstad employee responsible for cutting off his workers

compensation benefits. Defendant Jerelyn Isaacs was an employee of Risk Enterprise Management at the time relevant to plaintiff's complaint. Plaintiff alleges that Isaacs told him that Risk Enterprise Management had terminated his workers compensation benefits and cancelled his doctor's appointments.

The allegations of the complaint do not allege any ground which would give this court jurisdiction over plaintiff's complaint. There is no diversity of citizenship alleged and it appears that plaintiff and at least two if not all of the defendants are citizens of the State of Tennessee. The complaint does not name the United States Government as a party to the action; nor does the complaint allege the violation of a federal statute, as explained below. 28 U.S.C. §§ 1331, 1345, 1346.

Plaintiff's claim for "The Rehabilitation Act" must be dismissed as plaintiff has not stated a claim upon which relief may be granted. In order to state a claim under the Rehabilitation Act, plaintiff must allege that: (1) he is handicapped within the meaning of the Act; (2) he is "otherwise qualified" for the services sought; (3) he was excluded from the services sought solely by reason of his handicap; and (4) the program in question received federal financial assistance. *People First of Tennessee v. Arlington Developmental Ctr.,* 878 F.Supp. 97, 100-01 (W.D.Tenn. 1992). Taking the allegations of plaintiff's complaint as true, they do not allege that he is handicapped; that he is "otherwise qualified" for the services sought; that he is a federal employee or that his employer received federal funds; or that he was excluded from the services sought solely by reason of any handicap.

Moreover, plaintiff does not allege that he has exhausted his administrative remedies under the Act, a prerequisite for federal jurisdiction. *See Smith v. United States Postal Service,* 742 F.2d 257, 262 (6th Cir. 1984) (A handicapped person alleging discriminatory treatment must exhaust administrative remedies as a condition precedent to bringing an action under the Rehabilitation Act). Because this issue is dispositive, the court need not reach an analysis of the merits of defendants' motions to dismiss plaintiff's state law claims.

## Conclusion

Whenever it appears that the court lacks jurisdiction of the subject matter, the court shall dismiss the action. Rule 12(h), Federal Rules of Civil Procedure. As plaintiff has not established this court's jurisdiction over the subject matter of his complaint, the defendant's motions to dismiss [Docs. 6, 7, 8, 9] are **GRANTED**, whereby the complaint against defendants is hereby **DISMISSED**, but without prejudice to the refiling of same in an appropriate state court.

Plaintiff's motion for default judgment [Doc. 11] is **DENIED**; plaintiff's motion to sever claims [Doc. 13] is **DENIED AS MOOT;** plaintiff's motion to amend complaint to add a claim for "whistle blowing" under Tennessee law [Doc. 14] is **DENIED AS MOOT.**

**ENTER:**

s/ Thomas W. Phillips
United States District Judge